UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Jacoby Jamar Gregory,                           )        C/A No. 6:15-502-TMC-JDA
                                                )
                        Plaintiff,              )
                                                )        **REPORT AND RECOMMENDATION**
vs.                                             )
                                                )
David W. Melnyck, Esquire,                      )
                                                )
                        Defendant.              )
_____)

Jacoby Jamar Gregory ("Plaintiff"), proceeding pro se, brings this civil action alleging negligence and breach of contract. Plaintiff is currently detained in the Greenville County Detention Center ("GCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges that David W. Melnyck ("Melnyck") is an attorney, and Plaintiff retained him to represent Plaintiff on several different pending traffic violations and on a matter to obtain a bond reinstatement or reduction. [Doc. 1 at 3.] He alleges that Melnyck has been unresponsive to Plaintiff's attempts to communicate with him. [*Id*.] Also, Melnyck allegedly did not appear for three different court dates and has not actually represented Plaintiff. [*Id*.] Further, Plaintiff complains that he is still incarcerated. [*Id*.] Plaintiff alleges Melnyck committed legal malpractice, negligence, and breach of contract. [*Id*. at 2.] For his relief, Plaintiff seeks a total of $10,000—$2,000 refund of monies he paid to Melnyck; $6,000 to enable him to hire another attorney; and $2,000 for emotional distress, financial and economic loss. [*Id*. at 5.]

This Court takes judicial notice that Plaintiff has pending charges of murder and possession of weapon during a violent crime in the Greenville County Court of General Sessions. *See* Greenville County 13th Judicial Circuit Public Index, http://www.greenvillecounty.org/SCJD/PublicIndex/PIError.aspx, (enter "Jacoby Jamar Gregory" and "search," click on "2013A2320200306" and "2013A2320200307" click on "Charges") (last visited Feb. 27, 2015); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably

2

read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Plaintiff alleges that he brings state law claims—legal malpractice, negligence, and breach of contract—seeking damages against Melnyck. Plaintiff may bring such claims in this United States Court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Plaintiff's allegations indicate that Plaintiff and Defendant are considered to be domiciled in South Carolina; thus, complete diversity is lacking. Moreover, because

3

Plaintiff requests $10,000 in damages, the amount in controversy does not appear to be satisfied. Accordingly, this Court has no diversity jurisdiction over this action.

If Plaintiff is attempting to sue Melnyck for violations of his civil rights pursuant to federal question jurisdiction, the Complaint would be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff fails to state a claim on which relief may be granted because Melnyck has not acted under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 & nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

## RECOMMENDATION

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

February 27, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).